**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | | |
|---|---|---|
| **DORINDA CATANIA** | § | **CIVIL ACTION NO:** |
| | § | |
| *Plaintiff* | § | |
| **v.** | § | |
| | § | |
| **GENERAL MOTORS LLC** | § | |
| | § | |
| *Defendant* | § | **JURY TRIAL REQUESTED** |

## COMPLAINT

### I.    Parties

1.      Plaintiff, DORINDA CATANIA, has been at all times material hereto resident and citizen of the state of Louisiana.

2.      Defendant, GENERAL MOTORS LLC, hereinafter "GENERAL MOTORS," is a Delaware limited liability company with its principal place of business in Michigan and is a citizen of both the State of Delaware and the State of Michigan.  GENERAL MOTORS and is a warrantor of a vehicle that Plaintiff purchased and is a merchant in goods of the kind involved in this case. General Motors LLC is 100% owned by General Motors Holdings LLC.  General Motors Holdings LLC is a citizen of both the State of Delaware and the State of Michigan.  General Motors Holdings LLC is 100% owned by General Motors Company.  General Motors Company is a publically traded company. No publicly held entity owns 10% or more of the stock of General Motors Company. General Motors Company was incorporated in Delaware with its principal place of business in Michigan and is a citizen of both the State of Delaware and the State of Michigan.

GENERAL MOTORS's agent for service of process is Corporation Service

1  Company, 501 Louisiana Avenue, Baton Rouge, Louisiana 70802.

## II.    Jurisdiction

3.    This court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because the

parties are citizens of different states and the amount in controversy exceeds $75,000, excluding

interest and costs.

Declaratory relief is available pursuant to 28 USC §§ 2201 and 2202.

The court has supplemental jurisdiction under 28 USC § 1367 over Plaintiff's state

law claims because said claims are so related to the claims within the Court's original jurisdiction

that they form part of the same case or controversy under Article 3 of the United States Constitution.

## III.    Venue

4.    Venue is proper in this district under 28 U.S.C. §1391(a)(3) because the Defendants

are subject to personal jurisdiction in this district and there is no other district where the suit may be

brought.

## IV. Conditions Precedent

5.    All conditions precedents have been performed or have occurred.

## V.    Facts

### A. The Transaction

6.    On August 22, 2019, Plaintiff purchased a certified new 2021 GMC YUKON bearing

VIN: 1GKS1BKD4MR409013, hereinafter "YUKON," from LEGACY GMC. The YUKON was

purchased primarily for Plaintiff's personal use in the State of Louisiana.

7.    The sales price of the YUKON was $66,080.00. Civil or Punitive penalties for breach

of warranty are recoverable, if they are recoverable for breach of implied and express warranties

under the applicable state law.   See ***Hughes v. Segal Enterprises, Inc.*, 627 F. Supp. 1231, 1238**

**(W.D. Ark. 1986); *Chariton Vet Supply, Inc. v. Moberly Motors Co.*, 2:08CV47MLM, 2009 WL**

**1011500 (E.D. Mo. Apr. 15, 2009).**

8.      Plaintiff is also entitled to an award for non-pecuniary damages under La. Civil Code

Articles 1998 in the amount of $25,000.00.  See Beasley v. Ed's MobileHomes, Inc., 01-1549 (La.

Ct. App. 3 Cir. 4/17/02), 824 So.2d 383, writ denied, 02-1408 (La. 9/20/02), 825 So.2d 1170

### D.     Actionable Conduct

9.      In fact, when delivered, the YUKON was defective in materials and workmanship,

with such defects being discovered within the warranty periods, including but not limited to the

following:

**A.      WATER  LEAK  DEFECTS, NON-CONFORMITIES
        AND/OR CONDITION;**

**B.      HEAT  SHIELD  DEFECTS,  NON-CONFORMITIES
        AND/OR CONDITION; AND**

**C.      ANY   DEFECTS,   NON-CONFORMITIES   AND/OR
        CONDITION LISTED IN ANY REPAIR ORDER.**

10.     Since purchase, Plaintiff has returned his YUKON to the Defendant and its authorized

dealers for repairs on numerous occasions.  Despite this prolonged period during which Defendant

was given the opportunity to repair the YUKON, the Defendant has failed to repair the YUKON.

11.      Plaintiff directly notified the Defendant of the defects, non-conformities and

conditions in the YUKON on numerous occasions.

12.     The YUKON is a "thing" under La. Civil Code Articles 2520, et seq.

13.     GENERAL MOTORS is a "manufacturer" and "final assembler" under La. Civil

Code Articles 2520, et seq.

14.    ROSS DOWNING BUICK GMC is a "seller" under La. Civil Code Articles 2520, et seq.

15.    The Plaintiff is a "buyer" under in La. Civil Code Articles 2520, et seq.

16.    The defects described in the YUKON vehicle meet the definition of a redhibitory defect as defined in La. Civil Code Articles 2520, et seq.

17.    The Plaintiff has provided the Defendant sufficient notice and opportunity to repair her defective YUKON.

18.    The Plaintiff has performed each and every duty required of her under Louisiana Redhibition Laws, except as may have been excused or prevented by the conduct of the Defendant, as herein alleged.

19.    The hidden defects, non-conformities and conditions in the YUKON existed at the time of sale, but were not discovered until after delivery.  Neither Plaintiff nor a reasonable prudent buyer would have purchased the YUKON had he or she known of the defects prior to the sale.

20.    Furthermore, the Defendant has failed to repair the YUKON which constitutes a breach of the implied warranties of redhibition, and entitles Plaintiff to a rescission of the sale, return of the purchase price, plus all collateral costs of the sale, finance charges, insurance premiums, out of pocket expenses, and non-pecuniary damages under Louisiana Civil Code Articles 1998, et seq.

21.    Under Louisiana Redhibition laws, Plaintiff is entitled to recover a sum equal to the aggregate amount of attorney fees, costs and expenses, if Plaintiff prevails.  As a proximate result of Defendant's misconduct as alleged herein, and in an effort to protect his rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to

employ the legal services of Richard C. Dalton.  Plaintiff has incurred and continue to incur legal

fees, costs and expenses in connection here within.

## VI.    Prayer for Relief

22.    For these reasons, Plaintiff prays for judgment against the Defendant for the

following:

a.    For general, special and actual damages according to proof at trial;

b    Rescinding the sale of the 2021 GMC YUKON bearing VIN: 1GKS1BKD4MR409013 and returning to Plaintiff the purchase price including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, and damages;

c.    For incidental, consequential and non-pecuniary damages according to proof at trial;

d.    Out-of-pocket damages for expenditures related to any cost of repairs, deductibles; and towing charges;

e.    Any diminution in value of the YUKON attributable to the defects;

f.    Past and future economic losses;

g.    Prejudgment and post-judgment interest;

h.    Attorney fees;

i.    Costs of suit, expert fees and litigation expenses; and

j.    All other relief this Honorable Court deems appropriate.

## VII.    Demand for Jury Trial

23.    The Plaintiff hereby demands trial by jury to the extent authorized by law.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPECTFULLY SUBMITTED:

BY: /s/ *Richard C. Dalton*

Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
P.O. Box 358
Carencro, Louisiana 70520-0358
rick@rickdalton.law
(337) 371-0375

ATTORNEY FOR PLAINTIFF